UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| Shipyard Brewing Company, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-4079 |
| | ) | |
| Logboat Brewing Company, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Shipyard Brewing Company has been forced to file this trademark infringement suit against Logboat Brewing Company because Logboat has insisted on continuing to sell its "Shiphead" beer using a logo confusingly similar to the logo on Shipyard's signature Export Ale beer (Reg. No. 1,855,906):

 

1

Even after receiving multiple letters from Shipyard's attorneys, Logboat continued to sell Shiphead beer and introduced a new line of raspberry-flavored Shiphead beer. Further, guests at Logboat's brewery were invited to make use of Logboat's outside area, which it termed "the Shipyard."

Now, after repeated attempts at resolving this matter short of federal infringement litigation, comes Shipyard Brewing Company, LLC ("Shipyard"), by and through its counsel, and complains against Logboat Brewing Company, LLC ("Logboat") for trademark infringement and other wrongs for the reasons that follow.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Shipyard is a Maine limited liability company with a principal place of business at 86 Newbury Street, Portland, Maine 04101.

2. Defendant Logboat is a Missouri limited liability company with a principal place of business at 504 Fay Street, Columbia, Missouri 65201.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Shipyard's claims arise under federal law.

4. This Court has personal jurisdiction over the Defendant because it is a citizen of the State of Missouri.

5. Venue is appropriate under 28 U.S.C. § 1391 because the Defendant resides within this judicial district.

## FACTS

6. Shipyard is a craft brewery that produces approximately nineteen types of handcrafted beer.

7. Shipyard is the owner of the well-known, federally-registered and incontestable trademark SHIPYARD as used on a variety of goods and services, most notably its beers. Shipyard has used its SHIPYARD trademark for more than 25 years.

8. Shipyard is also the owner of and has used other trademarks that contain the term SHIP as a prefix or first term in relation to its beers and brewing operations, including, without limitation, the trademarks SHIPWEAR and SHIP HAPPENS.

9. Shipyard further owns and has used other trademarks that contain the term HEAD as a suffix in relation to its beers, including, but not limited to, PUMPKINHEAD, MELONHEAD, and APPLEHEAD.

10. Shipyard's family of SHIPYARD, SHIP, and HEAD marks (collectively "Shipyard's Trademarks") all were in use and/or registered prior to Logboat's earliest priority date of February 20, 2014.

11. The following valid and subsisting United States trademark registrations pertain to Shipyard's Trademarks:

| Reg. No. | Date | Trademark |
| --- | --- | --- |
| 3114205 | 11 Jul 2006 | SHIPYARD |
| 3390836 | 04 Mar 2008 | SHIPWEAR |

| 2015253 | 12 Nov 1996 | THE SHIPYARD w/ Design |
|---|---|---|
| 4827129 | 06 Oct 2015 | SHIPYARD w/ Design |
| 2189606 | 15 Sep 1998 | SHIPYARD BREWING COMPANY |
| 3289749 | 11 Sep 2007 | SHIPYARD BREW PUB |
| 1855906 | 27 Sep 1994 | SHIPYARD EXPORT ALE |
| 3250867 | 12 Jun 2007 | SHIPYARD BREW HAUS |
| 2803154 | 06 Jan 2004 | PUMPKINHEAD ALE |
| 4337678 | 21 May 2013 | PUMPKINHEAD w/ Design |
| 4552562 | 17 Jun 2014 | MELONHEAD |
| 4822169 | 29 Sep 2015 | MELONHEAD w/ Design |
| 4538048 | 27 May 2014 | APPLEHEAD |

4

True and correct copies of the pleaded registrations taken from the United States Patent and Trademark Office's database and showing the current status and title of the registrations are attached hereto as **Exhibit A**.

12. Shipyard has sold beer bearing its marks in Missouri.

13. As a result of Shipyard's long-standing and exclusive use of the term SHIPYARD and its family of SHIP and HEAD marks, the purchasing public has come to associate such terms with Shipyard and its beer and will naturally conclude that SHIPHEAD is a SHIPYARD trademark.

14. Logboat is the current owner of U.S. Registration No. 4,778,195 for the trademark SHIPHEAD GINGER WHEAT in relation to "beer" (the "'195 Registration"). Logboat disclaims any exclusive right to the phrase, GINGER WHEAT, and, as a result, the dominant portion of Logboat's mark is the term, SHIPHEAD. Logboat alleges a first use date of April 29, 2014 with its application filing date being February 20, 2014.

15. Logboat makes the beer bearing its SHIPHEAD GINGER WHEAT mark available through multiple channels of distribution. It sells the goods at its brewery, located in Columbia, Missouri, which it refers to as the taproom. Logboat has also sold beer bearing the SHIPHEAD GINGER WHEAT mark beyond Missouri.

16. Logboat's registration and use of the term SHIPHEAD is substantially similar to Shipyard's Trademarks, such that the use and registration of the term SHIPHEAD by Logboat is likely to cause confusion and mistake in the marketplace,

or to deceive purchasers and others as to the source or origin of Logboat's goods, both of which would cause irreparable harm and damage to Shipyard.

17. SHIPHEAD and SHIPYARD are nearly identical visually and phonetically, an important factor when consumers are ordering beers on premise. Further, Logboat's SHIPHEAD mark is used in a manner that is stylistically similar to Shipyard's Trademarks. For example, Logboat's packaging uses colors that are identical to the colors that Shipyard uses for its packaging. In addition, the logos are conceptually similar in that it the woman depicted on Logboat's beer is wearing a schooner on her head that is highly similar to Shipyard's federally registered and incontestable Schooner logo, hence "Shiphead":



Given these numerous additional similarities, consumers are highly likely to mistakenly conclude that SHIPHEAD is a SHIPYARD trademark.

6

18. On July 9, 2015, counsel for Shipyard sent correspondence to counsel for Logboat and expressed Shipyard's concerns regarding Logboat's 195 Registration and use of term SHIPHEAD to promote its beers, and the phrase "the Shipyard" in association with its brewery.

19. On January 19, 2016, counsel for Shipyard sent additional correspondence to counsel for Logboat and formally requested that Logboat voluntarily cancel U.S. Registration No. 4778195, cease using the term SHIPHEAD to promote its beers. Among other things, Shipyard objected to Logboat terming the beer garden located at its brewery "the Shipyard."

20. In response to Shipyard's cease and desist demand, Logboat continued to use the term SHIPHEAD to promote its beers. Logboat did stop calling its beer garden "the Shipyard," but only after Shipyard contacted Logboat.

21. On June 8, 2016, Shipyard filed a Petition for Cancellation with the Trademark Trial and Appeal Board (TTAB) of the United States Patent and Trademark Office (USPTO). In its Petition, Shipyard requested the cancellation of U.S. Registration No. 4,778,195.

22. In or about September 2016, *after* Shipyard's cease and desist demand and the filing of its Petition for Cancellation, Logboat expanded its use of the term, SHIPHEAD, by introducing a new beer bearing the mark: RASBERRY SHIPHEAD GINGER WHEAT.

23. Despite repeated attempts at identifying an amicable resolution to their issues, the parties have been unable resolve their dispute.

24. As of the time of this filing, Logboat continues to use the term SHIPHEAD to promote its beers. Logboat's use has created a likelihood of confusion in the marketplace, and Logboat has illegally sought to trade upon Shipyard's good will by adopting trademarks, packaging, and logos designed to deceive consumers of its goods.

## CLAIMS OF LIABILITY

### COUNT I – TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114 *et seq.*)

25. Shipyard incorporates all paragraphs above and below.

26. The Defendant has used Shipyard's Trademarks without consent, and in the face of a prior cease and desist demand.

27. The Defendant's infringing actions occurred after it had actual notice of the Plaintiff's ownership of its Trademarks, and after Shipyard directed it to cease and desist its infringement.

28. The Defendant also expanded its use after it had actual notice of the Plaintiff's ownership of its Trademarks by introducing RASBERRY SHIPHEAD GINGER WHEAT.

29. The Defendant's infringement is therefore willful.

30. By using Shipyard's Trademarks in connection with the advertising, sale, and provision of its products, namely its beer and brewery, the Defendant has caused a likelihood of confusion in the minds of the public as to the connection between Shipyard's products and those of the Defendant.

8

31. The Defendant's unauthorized and willful use of marks confusingly similar to Shipyard's Trademarks constitutes an infringement of Shipyard's rights in and to the use of its federally registered marks, with consequent damages to Shipyard and the business and good will associated with and symbolized by the Shipyard's Trademarks and, specifically, gives rise to this action under 15 U.S.C. §§ 1114 *et seq.*

32. Shipyard is irreparably injured by Defendant's infringement. This injury is ongoing.

33. This case is an "exceptional" one within the meaning and scope of 15 U.S.C. § 1117, so that attorneys' fees should be awarded to Shipyard. The Defendant has infringed on Shipyard's Trademarks, has refused to cease and desist from that use even after being confronted with Shipyard's federal registrations, and has expanded its use following actual notice of its infringement, thereby willfully infringing.

34. Shipyard is therefore entitled to injunctive relief against the Defendant, and anyone acting in concert with the Defendant, to restrain further acts of infringement and, after trial, to recover any damages, including statutory damages under 15 U.S.C. § 1117, caused by reason of the Defendant's aforesaid acts, and to recover enhanced damages based on the Defendant's willful, intentional, and/or grossly negligent acts.

## COUNT II – TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a)(1))

35. Shipyard incorporates all paragraphs above and below.

36. Shipyard's goods are contained in distinctive trade dress, in the form of beer bottles and/or cans containing its beers, which are branded in a distinctive color scheme, and make use of a unique schooner logo.

37. Shipyard's trade dress has acquired secondary meaning through Shipyard's promotion and the nationwide use of said trade dress since at least 1992.

38. Shipyard owns the distinctive elements of its packaging, branding, and logo as trade dress.

39. The trade dress is non-functional, serving only to identify the goods as Shipyard's beers.

40. The Defendant uses a beer can for its SHIPHEAD GINGER WHEAT beer, which contains a color scheme and a schooner logo that is similar to Shipyard's trade dress.

41. The Defendant did so without Shipyard's consent.

42. The Defendant's actions are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Shipyard's goods.

43. The Defendant's actions violate 15 U.S.C. § 1125(a)(1).

44. This case is an "exceptional" one within the meaning and scope of 15 U.S.C. § 1117, so that attorneys' fees should be awarded to Shipyard.

45. Shipyard is therefore entitled to injunctive relief against the Defendant, and anyone acting in concert with the Defendant, to restrain further

acts of infringement and, after trial, to recover any damages, including statutory damages under 15 U.S.C. § 1117, caused by reason of the Defendant's aforesaid acts, and to recover enhanced damages based on the Defendant's willful, intentional, and/or grossly negligent acts.

## PRAYERS FOR RELIEF

WHEREFORE, Shipyard Brewing Company, LLC requests that this Honorable Court:

A. Enter an injunction prohibiting the Defendant from making any use whatsoever of Shipyard's Trademarks, trademarked products, and products similar to Shipyard's distinctive trade dress;

B. Order the Defendant to provide an accounting of all monies received as a result of its improper conduct;

C. Award Shipyard statutory damages;

D. Award Shipyard actual damages in the form of lost profits;

E. Order Logboat to provide Shipyard monies in an amount to be determined for corrective advertising to address Logboat's deceptive and misleading false advertising;

F. Award Shipyard pre- and post-judgment interest;

G. Award Shipyard reasonable attorneys' fees and costs; and

H. Grant such other relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff Shipyard Brewing Company, LLC hereby demands a jury trial on all issues so triable as alleged herein.

Dated: May 15, 2017

Respectfully Submitted,

ARMSTRONG TEASDALE LLP

By: /s/ *Darren K. Sharp*
Darren K. Sharp    MO #50841
Kevin W. Prewitt    MO #66161
2345 Grand Blvd., Suite 1500
Kansas City, Missouri  64108
Telephone:  816.221-3420
Facsimile:  816.221.0786
dsharp@armstrongteasdale.com
kprewitt@armstrongteasdale.com

and

BERNSTEIN SHUR, P.A.

Edward J. Sackman, Esq.
(*pro hac vice* application to follow)
P.O. Box 1120
Manchester, NH  03105
(603) 623-8700
nsackman@bernsteinshur.com

ATTORNEYS FOR PLAINTIFF SHIPYARD BREWING COMPANY, LLC